IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENN NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, }<br><br>Plaintiff, }<br><br>v. }<br><br>UNITED STATES PIPE AND FOUNDRY COMPANY, LLC, et al., }<br><br>Defendants. } | Case No. 2:06-CV-0946-RDP |

## MEMORANDUM OPINION

The court has before it Defendant United States Pipe and Foundry Company, LLC's ("U.S. Pipe") Motion to Dismiss Penn National's Declaratory Judgment Motion, or In the Alternative, To Stay (Doc. # 2) filed June 13, 2006. Plaintiff Penn National Mutual Casualty Insurance Company ("Penn National") submitted an opposition to the motion on June 22, 2006. (Doc. # 6). For the reasons outlined below, the court finds that the motion is due to be granted and this case is due to be dismissed.

This is an action for declaratory judgment. Plaintiff has asked this court to determine whether it has a duty to defend or indemnify U.S. Pipe in the event that judgment is rendered against U.S. Pipe in a case pending in the Circuit Court of Jefferson County, Alabama styled *Timothy Wayne Allbright v. U.S. Pipe and Foundry Company, Inc.,* CV 2004-7558 (hereinafter the "underlying state court action"). In the underlying state court action, Timothy Wayne Allbright alleges that he suffered personal injury as a result of the negligent or wanton conduct of U.S. Pipe. U.S. Pipe, who is listed as an "Additional Insured" under a general liability policy of insurance issued by Penn National to

Bisco Refractories, Inc., has asserted a counterclaim against Penn National in the underlying state court action demanding coverage for the claims asserted by Allbright.[1]

The Declaratory Judgment Act gives federal courts great discretion in the exercise of jurisdiction over declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); 28 U.S.C. §2201(a) ("[A court] *may* declare the rights and other legal relations of any interested party seeking such declaration.") (emphasis added).  The Act is "an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants," and "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288; *see also Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952)(noting that the Declaratory Judgment Act is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction in this case over Plaintiff's Declaratory Judgment Act claims regarding its duty to defend and indemnify U.S. Pipe in the underlying state court action.  As outlined in more detail below, because all parties to this declaratory judgment action are currently joined in the underlying state court action, and all issues before this court are currently before the state court in the underlying action, the court finds that it would be inappropriate to exercise jurisdiction over this case.

The Supreme Court has encouraged the dismissal of declaratory judgment actions which are merely duplicative of matters pending in state court. *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)

---

[1] Penn National initially intervened in the underlying state court action to protect its subrogation rights pursuant to a worker's compensation policy which is separate and distinct from the general liability policy at issue in this case.  Thereafter, U.S. Pipe counter-claimed against Penn National.

and *Brillhart v. Excess Ins. Co.* of Am., 316 U.S. 491 (1942). In both *Wilton* and *Brillhart,* "[a]n insurer, anticipating a coercive suit, sought a declaration in federal court of nonliability on an insurance policy." *Wilton*, 515 U.S. at 282; *see also Brillhart*, 316 U.S. at 495. In both cases the Supreme Court upheld a district court's decision to dismiss or stay a declaratory judgment case that duplicated matters pending in state court because of concerns over "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288; *Brillhart*, 316 U.S. at 495.

In determining whether it is appropriate to dismiss a duplicative federal action, the Eleventh Circuit has held that the relevant inquiry is whether there is a "pending action in which some of the questions posed by the declaratory judgment action have or may be raised." *Angora Enterprises, Inc. v. Condominium Ass'n of Lakeside Vill.*, 796 F.2d 384, 388 (11th Cir. 1986). In furtherance of that query, the court has set forth nine criteria to be applied "where a district court is faced with a declaratory action brought in federal court on the basis of diversity and a subsequent parallel lawsuit on the merits is instituted in state court:"

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in state courts;
(2) whether the judgment in the federal declaratory action would settle the controversy;
(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
(6) whether there is an alternative remedy that is better or more effective;
(7) whether the underlying factual issues are important to an informed resolution of the case;
(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> (9)   whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1131 n.4 (11th Cir. 2005). The nine factors outlined by the Eleventh Circuit center on which court's interest is best served by adjudicating the matters raised by the declaratory judgment, with a focus on "whether the federal action serves some purpose beyond mere duplication of effort." *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

In this case, it is clear that the "state trial court is in a better position to evaluate [the underlying] factual issues than is the federal court." *Ameritas*, 411 F.3d at 1131 n.4  The question of Penn National's liability is contingent on the resolution of the primary issues in the state action. *See Ameritas*, 411 F.3d 1328, 1331 n.4  Even Penn National admitted in its state court filings that the coverage claims are tied to the same core of facts that gave rise to the original state court complaint. (Doc. # 2 Ex. B). As in *Ameritas*, this court is faced with an incomplete set of parties and claims, while the state court action presents a complete set of parties and claims. *See Ameritas Variable Life Ins. Co. v. Roach*, No. 04-P-2637-S, 2005 WL 1397171 (N.D. Ala. January 3, 2005), *aff'd, Ameritas*, 411 F.3d at 1129, 1131 n.4 (holding that a factor in determining dismissal is "whether the judgment in the federal declaratory action would settle the controversy"). Given that close nexus between the underlying factual and legal issues and state law, and the lack of any other equitable reason that makes federal court preferable to state court in this case, the court finds that the interests of both the federal and state courts are served by dismissal of this declaratory judgment action.

In so finding, the court rejects Penn National's primary objection to dismissal of this case – that the timing of Penn National's declaratory judgment filing (on May 17, 2006, two days prior to the official filing of U.S. Pipe's coverage counterclaim in the underlying state court proceeding) gives Penn National the "first filed" right to maintain this action. What Penn National fails to point out is that although this case may have been filed two days *before* the state court officially entered U.S. Pipe's counterclaim, it was filed two days *after* a May 15, 2006 state court hearing in which Judge King orally granted U.S. Pipe's request to assert coverage claims against Penn National and *while* U.S. Pipe was circulating a draft order, per Judge King's instructions, that allowed U.S. Pipe to bring its coverage claims against Penn National. (Doc. # 2, at 8). Although the official state court order was not entered until May 19, 2006, that timing is of no consequence under binding Eleventh Circuit law. *See Ameritas*, 411 F.3d at 1329 (upholding dismissal of a declaratory judgment action in favor of a *later* filed state action that presented a complete set of parties and issues); *see also Wilton*, 515 U.S. at 282 (involving state court action brought *after* the declaratory judgment action). In any event, this court is not amused by Penn National's attempt to play Gotcha!® law.

Because this court agrees that "'it would be uneconomical as well as vexatious [] to proceed [with this action] where another suit is pending in a state court presenting the same issues,'" *Wilton*, 515 U.S. at 282 (quoting *Brillhart*, 316 U.S. at 495), the court will dismiss this case without prejudice.[2]

---

[2] In any event, even if the court had not found this action to be merely duplicative of the underlying state court proceeding, the only ripe issue before the court at this stage in the litigation would be the duty to defend because "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1514 (M.D. Ala.,1996) (citing *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100, 104 (Ala.1977)). U.S. Pipe could prevail in the state court lawsuit underlying this case, which would render moot the issue of the duty

**DONE** and **ORDERED** this ___27th___ day of June, 2006.

                                                /s/ R. David Proctor
                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE

---

to indemnify and result in a waste of the judicial resources expended on this case. Therefore, the issue of indemnification is not sufficiently ripe to present an actual "case" or "controversy."